UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6574-FMO (KK) | | Date | March 5, 2015 |
|---|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:**       (In Chambers) Order Denying Request for Leave to File Second Amended Complaint [Dkt. 40]

Over a year after filing this action and facing imminent discovery and substantive motions cut-off dates, Plaintiff Shaun Darnell Garland has filed a Request for Leave to File a Second Amended Complaint.  For the reasons set forth below, Plaintiff's request is DENIED without prejudice.

# I.
# BACKGROUND

On August 9, 2013, Plaintiff Shaun Darnell Garland ("Plaintiff") lodged a *pro se* civil rights complaint ("Complaint") against Defendant Charlie Hughes ("Defendant Hughes").  ECF Docket No ("dkt.") 2.   The Complaint alleged two claims: (1) First Amendment retaliation and (2) retaliatory/punitive false imprisonment. *Id.* at 5.  The claims stemmed from Plaintiff's allegation that Defendant Hughes placed him in administrative segregation on August 27, 2011 in retaliation for Plaintiff's exercise of his First Amendment rights in filing administrative complaints and initiating litigation against California Department of Corrections and Rehabilitation employees and California Correctional Peace Officers Association union members. *Id.* at 3-4.

On December 10, 2013, the Court issued an order granting Plaintiff's request to proceed *in forma pauperis* and the Complaint was, thus, filed on that same day.  Dkts. 5 and 6.

On May 15, 2014, Defendant Hughes filed his Answer to the Complaint.  Dkt. 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6574-FMO (KK) | Date | March 5, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

On May 19, 2014, the Court issued a scheduling order which set a discovery cut-off date of November 19, 2014 and a substantive motion cut-off of January 19, 2015. Dkt. 19.

On June 16, 2014, Plaintiff filed a Request for Leave to File First Amended Complaint. Dkt. 22. Plaintiff requested leave to amend the Complaint for the purpose of adding two additional occasions (January 26, 2012 and March 3, 2012) when Defendant Hughes allegedly ordered the administrative segregation placement of Plaintiff in retaliation for Plaintiff's exercise of his First Amendment rights in filing administrative grievances and initiating litigation. *Id.*

On July 25, 2014, the Court granted Plaintiff's request for leave to file his FAC. Dkt. 30. Defendant Hughes filed his Answer to the FAC on August 7, 2014. Dkt. 32.

On August 8, 2014, the Court issued a revised scheduling order which set a new discovery cut-off date of March 7, 2015 and a new substantive motion cut-off date of April 7, 2015. Dkt. 34.

On August 11, 2014, the Court issued an order granting Defendant Hughes' request to depose Plaintiff. Dkt. 35.

On February 13, 2015, Plaintiff filed a Request for Leave to File a Second Amended Complaint ("SAC"). Dkt. 40. On March 3, 2015, Defendant Hughes filed an Opposition to Plaintiff's Request. Dkt. 44.

## II.
## DISCUSSION

As plaintiff recognizes, leave of court is required for him to file a SAC. *See* Fed. R. Civ. P. 15(a)(2). In deciding whether leave to amend is appropriate, the Court considers five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "The court should freely grant leave when justice so requires." *Id.* However, "[a]mendments seeking to add claims are to be granted more freely than amendments seeking to add parties." *Union Pac. R.R. Co. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6574-FMO (KK) | Date | March 5, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

*Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). Moreover, where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. See *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

Here, Plaintiff has filed his Request for Leave to File a Second Amended Complaint over sixteen months after he initiated this action. The proposed SAC seeks to add (1) a new defendant, Correctional Officer Hoffman ("Hoffman"); and (2) new claims against Defendant Hughes. Dkt. 40-1 at 3, 10-11. The proposed SAC alleges Hoffman assaulted Plaintiff during a pat-down search on January 25, 2012. *Id.* at 3. The proposed SAC also alleges new claims against Defendant Hughes by converting retaliation/false imprisonment claims in the FAC into cruel and unusual punishment claims based on administrative segregation placement. *Id.* at 10-11.

The Court previously permitted Plaintiff to file an amended complaint following Defendant Hughes's original answer; however, Plaintiff's previous request (1) did not seek to add new parties; (2) did not add new legal theories of liability; (3) did not occur after Defendant Hughes had completed his discovery; and (4) did not occur on the eve of the discovery and motions cut-off date. In contrast, as discussed further below, Plaintiff's proposed SAC is a last-minute attempt to add a new Defendant and new theories of liability that Plaintiff was well aware of at the time he filed the FAC.

First, with respect to Plaintiff's request to add Hoffman, Plaintiff fails to offer any reason as to why he did not seek to include Hoffman as a defendant in either the Complaint or FAC. Plaintiff was aware of Hoffman and the facts underlying the alleged assault (which he claims occurred on January 2012) at the time he filed his original Complaint. Moreover, Plaintiff alleged all of the facts relating to the alleged assault and identified Hoffman in the FAC which was filed on July 25, 2014. FAC at 4. Despite this, Plaintiff offers no justification for failing to add Hoffman as a defendant at the time he filed the FAC, or in the seven months which have since followed.

Second, Plaintiff similarly offers no reason as to why he did not seek to add new claims against Defendant Hughes at an earlier date. Defendant Hughes has deposed Plaintiff, completed his discovery, and begun preparing his summary judgment motion in anticipation of the Court's April 7, 2015 motion cut-off. Thus, permitting amendment at this stage would require the re-opening of discovery, and re-setting of discovery and motion cut-off dates. Defendant Hughes would be forced to engage in costly discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6574-FMO (KK) | Date | March 5, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

and would need to substantially revise his summary judgment motion in order to address Plaintiff's new legal claims. Thus, the resulting prejudice to Defendant Hughes would be significant. In addition, Plaintiff has not shown that his new claims regarding Defendant Hughes alleging cruel and unusual punishment based on administrative segregation placement would not be futile. *See Toussaint v. Yockey*, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (holding allegation of mere placement in administrative segregation is not sufficient to state an Eighth Amendment claim).

Accordingly, Plaintiff's Request for Leave to File a Second Amended Complaint is **DENIED** without prejudice.