# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-06574-FMO (KK) | Date | March 18, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order: Denying Plaintiff's Motion to Compel [46]**

# I.
# INTRODUCTION

This is a *pro se* civil rights case filed by Plaintiff Shaun Darnell Garland ("Plaintiff"). Plaintiff names a single defendant, correctional officer Charlie Hughes ("Defendant"), who is sued in his individual capacity. ECF Docket No. ("Dkt.") 31. Plaintiff alleges Defendant placed him in administrative segregation in retaliation for Plaintiff's exercise of his First Amendment rights in filing administrative complaints and initiating litigation against California Department of Corrections and Rehabilitation employees and California Correctional Peace Officers Association union members. Id.

On March 9, 2014, Plaintiff filed a Motion to Compel Responses to Plaintiff's Discovery requests. Dkt. 46. Plaintiff seeks the following five items that Defendant has refused to produce:

(1) A copy of the document referred to as the "anonymous" note in paragraph number 1 of the affidavit of Kelvin X. Singleton, discovered by A-Facility staff at CSP-LAC on October 23, 2011;

(2) A copy of the alleged "BGF Paraphernalia" document(s) described as being discovered by defendant Hughes in his response to interrogatory No. 4 to plaintiff's interrogatories, set one;

(3) A copy of the document(s) describing the results of the "investigation"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-06574-FMO (KK) | Date | March 18, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

           defendant Hughes ordered as described in the March 3, 2012, CDC Form 114D lockup order;

(4)    A copy of the document "the alleged anonymous kite" Correctional Officer Wayne Passed to Correctional Officer Yen to put into the inmate mail box in Building 3, A Facility during the second watch in 2010 that was retrieved by the yard sergeant and secured as evidence. Said document purported that black inmates were planning to assault staff and A-Facility;

(5)    A copy of the document, the April 24, 2011 "anonymous kite" found by CSP-LAC A Facility staff, alleging staff and other races subject to attack by black inmates.

Id. (collectively referred to as "Requests for Documents 1-5").

      In his response to Plaintiff's Requests for Documents 1-5, Defendant asserted he lacks "possession, custody, or control." In his Motion, Plaintiff argues the documents sought are documents defendant could obtain, and therefore they are within his control and should be produced.

## II.
## DISCUSSION

      Federal Rule of Civil Procedure 26(b) provides parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). The party seeking to compel discovery bears the burden of showing that the request satisfies Rule 26's relevance requirement. Kelly v. City of San Jose, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-06574-FMO (KK) | Date | March 18, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

F.R.D. 653, 667 (N.D. Cal. 1987).

     Federal Rule of Civil Procedure 34(a) provides that "[a] party may serve on any other party" a request to produce documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). The party seeking production bears the burden of proving that the opposing party has "control" of the requested documents pursuant to Federal Rule of Civil Procedure 34(a). *Id.*; *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970). "An unsubstantiated assertion [of control] generally does not suffice." *Steele Software Systems, Corp. v. DataQuick Info. Systems, Inc.*, 237 F.R.D. 561, 565 (D. Md. 2006) (citations omitted). But before the burden shifts to the plaintiff, the defendant must first assert, under oath, that he has no custody or control. *Graham v. Runnels*, 2011 WL 284997, at *1 n.2 (E.D. Cal. 2011) (unpublished).

     Here, Plaintiff seeks documents that would appear to be in the possession, custody, and control of the California Department of Corrections and Rehabilitation ("CDCR") or other entities. Although Plaintiff asserts the documents requested are within defendant's control and power to obtain from the CDCR, he has not met his burden of proving that to be the case. Although Defendant is clearly closely connected with CDCR, he does not have control over CDCR. As such, the court will not compel Defendant to produce documents responsive to Requests Nos. 1-5. If Plaintiff wishes to obtain such documents, he must subpoena them from CDCR or whatever other entity has them.