UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6574-FMO (KK) | Date | May 20, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply With Court Orders

## I.
## PROCEDURAL HISTORY

On July 25, 2014, Plaintiff Shaun Darnell Garland, a state prisoner proceeding *in forma pauperis*, filed a First Amended Complaint against sole defendant Charlie Hughes ("Defendant"). ECF Docket No. ("dkt.") 31. On August 8, 2014, the Court issued a Case Management and Scheduling Order requiring, *inter alia*, that Plaintiff file an opposition to any substantive motion within 30 calendar days after service of the motion. (Dkt. 34).

On April 7, 2015, Defendant filed a Motion for Summary Judgment ("Motion"). (Dkt. 49).

It has been over 30 days since the instant Motion was filed. As of this date, Plaintiff has failed to file an opposition to the Motion.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for lack of prosecution or for failure to comply with any court order. *See* Fed. R. Civ. P. 41(b). Citing Rule 41(b), district courts have often dismissed actions where a plaintiff fails to file an opposition to a defendant's motion to dismiss or a motion for summary judgment. *See, e.g.*, *Brandon v. Los Angeles Cnty. Sheriff Dep't*, No. CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6574-FMO (KK) | Date | May 20, 2015 |
|---|---|---|---|
| Title | Shaun Darnell Garland v. Charlie Hughes | | |

12-8288-JSL (E), 2013 WL 2423173 (C.D. Cal. June 3, 2013) (dismissal for failure to prosecute after plaintiff failed to file an opposition to defendant's motion to dismiss); *Parrish v. Traquina*, No. CIV S-05-190-LKK-KJM-P, 2008 WL 906367 (E.D. Cal. Mar. 31, 2008) (dismissal for failure to prosecute after plaintiff failed to file an opposition to defendants' motion for summary judgment); *Williams v. Woodford*, No. CIV S-06-0348 LKK-KJM-P, 2008 WL 73159 (E.D. Cal. Jan. 4, 2008) (dismissal for failure to prosecute after plaintiff failed to file an opposition to defendants' motion to dismiss for failure to exhaust administrative remedies).

     Here, Plaintiff has failed to file an opposition to the Motion for Summary Judgment pending before the Court, thus, failing to comply with the Court's August 8, 2014 Order. Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order. However, before dismissing this action, the Court will afford Plaintiff one final opportunity to explain his failure to respond to the pending motion.

     Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders. Plaintiff shall have up to and including **June 3, 2015** to respond to this Order. Plaintiff is cautioned that his failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of this action with prejudice.